SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MICHAEL T. CAMPBELL, Cal. Bar No. 293376
mcampbell@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

LISA M. HARRIS, Cal Bar No. 264460
lharris@sheppardmullin.com
BIANCA A. VALENCIA, Cal. Bar No. 331104
bvalencia@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LYMAN MARTIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC; AMAZON.COM, INC.; AMAZON.COM; AMAZON FULFILLMENT SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br>[SBSC Case No. CIVSB2406029]<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>Complaint Filed: February 20, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1. On or about February 20, 2024, Plaintiff Lyman Martin ("Plaintiff") filed a Complaint against Defendants Amazon.com Services LLC, Amazon.com, Inc., Amazon.com, and Amazon Fulfillment Services, Inc. in the Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2406029 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. The Complaint asserts claims for relief arising out of Plaintiff's employment with Amazon.[1] Specifically, Plaintiff brings claims against Amazon for: (1) discrimination in violation of the FEHA; (2) hostile work environment harassment in violation of the FEHA; (3) retaliation in violation of the FEHA; (4) failure to provide reasonable accommodation in violation of the FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; (7) breach of

---

[1] Defendant Amazon.com Services LLC was Plaintiff's legal employer and, therefore, is the only proper party to this lawsuit.

-2-

express oral contract not to terminate employment without good cause; (8) breach of implied-in-fact contract not to terminate employment without good cause; (9) wrongful constructive termination of employment in violation of public policy; (10) whistleblower retaliation (Labor Code § 1102.5); and (11) intentional infliction of emotional distress.

## TIMELINESS OF REMOVAL

3. On April 5, 2024, Plaintiff served Amazon with a Summons and copy of the Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit B**.

4. On April 24, 2024, Amazon answered the Complaint in state court. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

5. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. §1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.

7. **Plaintiff's Citizenship:** Plaintiff expressly alleges, and Amazon is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California,[2] and that he worked for Amazon in California during the relevant time period. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie*

---

[2] Complaint, ¶ 1 ("Plaintiff Martin is, and at all times mentioned in this Complaint was, a resident of the County of San Bernardino, California").

1  evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520
2  (10th Cir. 1994). Amazon is informed and believes, and on that basis alleges, that
3  Plaintiff was domiciled in California while he worked for Amazon in California.
4  Further, Plaintiff's primary residence is in the County of San Bernardino, California,
5  he is registered to vote in California, and pays taxes in California. Plaintiff therefore
6  is, or was at the institution of this civil action, a citizen of California.

7      8.    **Amazon's Citizenship:** Plaintiff's claims arise from his employment
8  with Amazon.com Services LLC,[3] from approximately February 2021 through April
9  2022. Amazon.com Services LLC, is not a citizen of California. For purposes of
10 diversity jurisdiction, "a limited liability corporation is a citizen of all of the states
11 of which its owners/members are citizens." *Johnson v. Columbia Properties*
12 *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Its members are viewed under
13 the same analyses as for any other entity like a corporation, such that a corporation
14 is deemed to be a citizen of the state in which it has been incorporated and the state
15 where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A
16 corporation's "'principal place of business' refers to the place where the
17 corporation's high-level officers direct, control, and coordinate the corporation's
18 activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct.
19 1181, 1186 (2010).

20     9.    Amazon is not a citizen of California. Specifically, Amazon.com
21 Services LLC, is a limited liability company organized under the laws of the State of
22 Delaware, and maintains a principal place of business in Seattle, Washington.
23 Declaration of Zane Brown ("Brown Dec.") ¶ 2. At all times relevant to this action,
24 Amazon's corporate headquarters and principal place of business has been in

---

[3] On December 26, 2017, Amazon Fulfillment Services, Inc. merged and changed its name to Amazon.com Services, Inc. *See* Brown Dec. ¶5; **Exhibit 4.** On December 23, 2019, Amazon.com Services, Inc. changed its name to Amazon.com Services LLC. *Id.*

Seattle, Washington, and Amazon is now and has been organized under the laws of the State of Delaware. *See* Brown Dec. ¶ 2; **Exhibit 1** (California Secretary of State Statement of Information for Amazon.com Services LLC listing its principal office in Seattle, Washington and organized under Delaware law).

10. Amazon's only member is Amazon.com Sales, Inc., which is a Delaware corporation with its corporate headquarters and principal place of business in Washington. *See* Brown Dec. ¶ 3; **Exhibit 2** (Washington Secretary of State Annual Report for Amazon.com Sales, Inc. listing its principal office in Seattle, Washington and incorporation in Delaware). Under 28 U.S.C. § 1332(c), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" Amazon.com Sales, Inc. is a wholly owned subsidiary of parent company Amazon.com, Inc. *See* Brown Dec. ¶¶ 3-4. Unserved defendant Amazon.com, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington.[4] *See* Brown Dec. ¶¶ 3-4; *see* **Exhibit 3** (Washington Secretary of State Annual Report for Amazon.com, Inc. listing its principal office in Seattle, Washington and incorporation in Delaware). None of the aforementioned entities are incorporated under the laws of the State of California, nor do any of them have a principal place of business in California and no member or owner of Amazon.com Services LLC is a citizen of California. *See* Brown Dec. ¶ 6. Thus, complete diversity exists here because Amazon.com Services LLC's only member and the parent company are citizens of Delaware and Washington, not California.

---

[4] Amazon.com, Inc. was not Plaintiff's legal employer and, therefore, is not a proper party to this lawsuit. Nonetheless, even if the citizenship of this unserved defendant is considered, complete diversity exists because Amazon.com, Inc. is a citizen of Delaware and Washington.

11. **Doe Defendants:** Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. section 1332(a).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Amazon is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Amazon can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. 1196 at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

14. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the estimated amount in

controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *3 (C.D. Cal. Mar. 3, 2015).

15.  **Alleged Financial Losses:** Plaintiff alleges that as a result of Amazon's conduct, he "has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid . . . ."[5] At the time of Plaintiff's separation of employment from Amazon in April 2022, Plaintiff earned approximately $17.55 per hour as a Fulfillment Associate. Plaintiff makes no allegation in his Complaint that he has found other work, let alone work that pays the same compensation that he previously received at Amazon. Therefore, assuming it takes approximately one year by the time this matter is resolved at trial (which most likely will not occur until at least April 2025), Plaintiff's lost earning will have accrued over three years. Plaintiff's claimed lost earnings will be approximately $109,512 [($17.55 per hour x 40 hours per week) x 156 weeks = $109,512]. This amount does not include any potential front pay that could be awarded by the jury if Plaintiff were to prevail at trial.

16.  **Emotional Distress and Related Damages:** In addition, Plaintiff alleges that, as a result of Amazon's alleged conduct toward him, he is entitled to damages for "psychological and emotional distress, humiliation, and mental and physical pain and anguish . . . ."[6] These components of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

---

[5] Complaint ¶ 16.
[6] Complaint ¶ 17.

2005).  Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in FEHA and wrongful termination cases like this one.  *See e.g.*, *Martinez v. Rite Aid*, Los Angeles Superior Court, Case No. BC 401 746 (awarding plaintiff $5 million for emotional distress damages on claims including wrongful termination and intentional infliction of emotional distress); *Moland v. McWane Inc. et al.*, Los Angeles Superior Court, Case No. BC559796 (awarding $2.5 million for emotional distress damages on claims including discrimination and wrongful termination); *Sosa v. Comerica Bank et al.*, Los Angeles Superior Court, Case No. BC675252 (awarding $13 million for emotional distress damages on claims including discrimination and retaliation).

      Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress and related damages.  Accordingly, the amount in controversy here clearly exceeds $75,000.

      17.    **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[7]  A prevailing party on FEHA claims may be awarded attorneys' fees.  Cal. Gov't Code §12965(b).  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at

---

[7] Complaint ¶ 19.

stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000. *Id.* If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

18.  **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[8] Punitive damages should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*,

---

[8] Complaint ¶ 18(a)-(c).

261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

19. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons*, 209 F.Supp.2d at 1033 ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. *Id.* (collecting cases). As in *Simmons*, Plaintiff is claiming discrimination and retaliation under the Fair Employment and Housing Act. The same jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

20. Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges discrimination and retaliation based on protected characteristics and/or protected activity, etc.) further support that the amount in controversy exceeds $75,000. Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges discrimination and retaliation based on protected characteristics and/or protected activity, etc.) further support that the amount in controversy exceeds $75,000. In *Moland*, 2017 WL 3221420 (Cal. Super. June 29, 2017), a jury awarded the plaintiff $13.8 million in punitive damages, where plaintiff, just as in this case, claimed he had been discriminated against because of a protected category. Similarly, in *Ramirez v. World Oil Corp et al.*, 2022 WL 2789369 (Cal. Super. April 21, 2022), a jury awarded a plaintiff $3 million in punitive damages in a case where the plaintiff alleged disability discrimination. Other discrimination claims have similarly yielded large punitive damages awards. *Lee v. TRW Inc.,* 2007 WL 9706563 (C.D. Cal. Jan. 9, 2007) (FEHA age discrimination case resulted in $1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, 2008 WL 4210706 (Cal. Super. Aug. 13, 2008) (discrimination case resulted in $1,180,164 in punitive damages). Based on these

jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

21. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## VENUE

22. Venue lies in the Central District of California pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(1). This action was originally brought in the Superior Court of the State of California, County of San Bernardino.

## NOTICE OF REMOVAL

23. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

24. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits, including the Complaint (Exhibit A), the Summons (Exhibit B), and the Answer (Exhibit C).

**WHEREFORE**, Amazon requests that the above action pending before the Superior Court of the State of California for the County of San Bernardino be removed to the United States District Court for the Central District of California, Eastern Division.

| | | |
|---|---|---|
| Dated: May 3, 2024 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | |
| | By | /s/ Michael M. Campbell |
| | | MICHAEL T. CAMPBELL |
| | | LISA M. HARRIS |
| | | BIANCA A. VALENCIA |
| | | Attorneys for Defendant |
| | | AMAZON.COM SERVICES, LLC |

SMRH:4879-5547-6659.3                                                    DEFENDANT'S NOTICE OF REMOVAL